THOMASVILLE SHOOTING CLUB v. P. C. THOMAS.

*Contempt—Failure to Obey Order of Court.*

Where a defendant in an action failed to perform the order of the Court, and, upon notice to show cause why he should not be attached for contempt, answered admitting his non-compliance, and stated that he was unable to perform it, but the trial judge found, as a fact, that the defendant had been since the judgment, and then was, able to perform the order, and that he was in contempt; *Held*, that it was proper to commit him to jail until he should comply with the judgment.

CIVIL ACTION, pending in DAVIDSON Superior Court. From a judgment committing the defendant to jail for contempt of court, he appealed.

*Mr. E. E. Raper*, for plaintiff.
*Messrs. Walser & Walser*, for defendant (appellant).

FAIRCLOTH, C. J.: At Spring Term, 1896, it was ordered and adjudged that the defendant remove a certain brick building from Winston avenue on or before September 1, 1896. Failing to obey said order, an affidavit was filed on September 8, 1896, and notice given to defendant to show cause why he should not be attached for contempt.

The return admitted non-compliance, and the respondent averred by affidavit that he was unable to obey the order. His Honor heard proofs by affidavit from both parties and found (1) That defendant had neglected and refused to remove said building as he was ordered to do. (2) That said defendant has been since said judgment, and still is, able to comply with the same, and is in contempt of court. It was thereupon ordered that the defendant be imprisoned in the county jail until he complies with the judgment rendered at Spring Term, 1896.

We can see no reason why the judgment, committing the defendant to prison, should not be affirmed. That part of the order directing the Sheriff to remove the building at plaintiff's cost is not appealed from, and we express no opinion about it. *Millheiser* v. *Bulsby*, 106 N. C., 443; *Baker* v. *Cordon*, 86 N. C., 116.

Affirmed.